IN THE UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

NEWNAN DIVISION

ANDREW JOHNSON
AND JESSICA JOHNSON

PLAINTIFFS

V.

HARLEQUIN TRANSPORT, LLC
FRANCISCO LAMAS-SOTELO
JOHN DOE 1-5;
DEFENDANTS.

JURY TRIAL DEMANDED

CIVIL ACTION
FILE NO.

# **COMPLAINT**

COMES NOW Andrew Johnson and Jessica Johnson, Plaintiffs and make and file this Complaint against Defendants Harlequin Transport, LLC, Francisco Lamas-Sotelo and John Does 1-5 as follows:

## **COUNT I - PARTIES AND JURISDICTION**

1.

Plaintiffs Andrew James Johnson and Jessica Johnson are citizens of the State of Mississippi and reside in this State and are subject to the jurisdiction of this Court.

2.

Defendants Harlequin Transport, LLC, a foreign limited liability company, engaged in interstate motor carrier operations including operations within the State of Georgia and may be served with a copy of the Summons and Complaint through its registered agent, or pursuant to the Georgia Long Art Statute O.C.G.A. §9-10-91, including service through the Georgia Secretary of State is a foreign limited liability company.

3.

Defendant Francisco Lamas Sotelo was upon information and belief, an employee agent and or/statutory employee of Harlequin Transport, LLC acting within the course/scope of his employment at all relevant times. Defendant Francisco Lamas-Sotelo may be served at his last known address or through his employer. Defendant Harlequin Transport, LLC, pursuant to OC.GA. §9-10-91 and applicable law.

4.

There exits complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.

Jurisdiction is proper pursuant to 28 U.S.C. §§1332 and venue is proper in this Court.

6.

This Court has personal jurisdiction over Defendants pursuant to O.C.G.A. §9-10-91, in that the Defendants transacted business in Georgia committed tortious acts within Georgia and caused injury in Georgia arising from acts or omissions within this State.

7.

Defendant John Does 1-5 are persons, firms, corporations, or other legal entities whose identities are presently unknown to Plaintiffs but who participated in, caused, contributed to, or are otherwise legally responsible for the acts and omissions complained of herein. Plaintiffs will amend this Complaint to substitute the true names and capacities of said Defendants when ascertained.

## COUNT II

## (FACTUAL ALLEGATIONS)

8.

On or about 6/27/25, Plaintiff Andrew Johnson was lawfully operating a 2018 Harley Davidson motorcycle northbound on Interstate 85 near mile marker 26 in Troup County, Ga.

9.

Plaintiff Jessica Johnson was a lawful passenger on the motorcycle.

10.

At the same time and place, Defendants were operating and controlling a commercial motor vehicle owned by Harlequin Transport, LLC and operated by Defendant Lamas-Sotelo.

11.

Defendants negligently operated their vehicle in a manner that created a dangerous roadway hazard, forcing Plaintiff Andrew Johnson to take evasive action.

12.

As a direct and proximate result of Defendants' negligent conduct, Plaintiff Andrew Johnson was unable to safely maintain his lane of travel, left the roadway and the motorcycle overturned multiple times.

13.

Both Plaintiffs were violently ejected from the motorcycle and sustained severe bodily injuries.

14.

Emergency responders transported both Plaintiff by life flight to Piedmont Columbus Regional Hospital for emergency treatment.

15.

The collision and resulting injuries were directly and proximately caused by the careless, reckless and negligent acts and omissions of Defendants.

**COUNT THREE**

**(NEGLIGENCE)**

16.

Plaintiffs hereby incorporate by reference paragraphs 1-15 of this Complaint as if fully re-alleged herein.

17.

Defendants owed Plaintiffs a duty to exercise ordinary care in the ownership, operation, maintenance, supervision, and control of the commercial vehicle.

18.

Defendants breached their duties by including, but not limited to:

a) Failing to operate the vehicle in a safe and prudent manner under the conditions then existing;

b) Failing to maintain proper control of the vehicle;

c) Failing to keep a proper lookout;

d) Failing to take reasonable evasive action;

e) Driving in violation of Georgia traffic statutes;

f) Creating an unsafe roadway condition;

g) Violating applicable federal motor carrier safety regulations;

h) Other negligent acts/omissions to be shown by the evidence.

i) Failing to take reasonable evasive action;

j) Driving in violation of Georgia traffic statutes;

k) Creating an unsafe roadway condition;

19.

As a direct and proximate result of Defendant's negligence, Plaintiffs sustained severe permanent and disabling injuries, pain and suffering, mental anguish, loss of enjoyment of life and incurred substantial medical expenses.

## COUNT FOUR

## (NEGLIGENCE PER SE)

20.

Plaintiffs hereby incorporate by reference paragraphs 1 through 19 of this Complaint as if fully re-alleged herein.

21.

Defendants' conduct constituted negligence per se by violating Georgia statutes governing the safe operation of motor vehicles and applicable federal safety regulations.

**COUNT IV**

**(*RESPONDEAT SUPERIOR* AND NEGLIGENT HIRING RETENTION)**

22.

Plaintiffs hereby incorporate by reference paragraphs 1 through 21 of this Complaint as if fully re-alleged herein.

23.

Defendant Harlequin Transport, LLC is vicariously liable for the acts and omissions of Defendant Lamas Soleto under the doctrine of *respondeat superior*.

24.

Harlequin Transport negligently hired Defendant Lamas-Sotelo whom it knew or should have known was incompetent, unfit or unsafe.

**COUNT V**

**(LOSS OF CONSORTIUM)**

25.

Plaintiffs hereby incorporate by reference paragraphs 1 through 24 of this Complaint as if fully re-alleged herein.

26.

At all time material to this action, Plaintiffs' Andrew Johnson and Jessica John are married and living as husband and wife.

27.

As a direct and result of Defendants' negligence, Plaintiffs Jessica and Andrew Johnson have suffered a loss of consortium of each other including but not limited to affection comfort, society ,companionship company love and other conjugal fellowship and will continue to the future.

**COUNT VI**

**(COMPENSATORY AND GENERAL DAMAGES)**

28.

Plaintiffs hereby incorporate by reference paragraphs 1 through 27 of this Complaint as if fully re-alleged herein.

29.

By reason of the foregoing, Plaintiffs are entitled to recover compensatory damages from Defendants for trauma and for their past present and future physical pain and suffering and other damages sustained.

30.

Further, by reason of the foregoing Plaintiffs are entitled to recover general damages from Defendants for their past, present and future emotional pain and suffering in such an amount as should be shown by the evidence and determined by the jury with their enlightened conscience.

**COUNT VII**
**(PUNITIVE DAMAGES)**

31.

Plaintiffs hereby incorporate by reference paragraphs 1 through 30 of this Complaint as if fully re-alleged herein.

32.

Defendants having acted with that entire want of care, willful misconduct, malice demonstrates a conscious indifference to the consequence of its actions and entitles Plaintiffs to an award of punitive damages.

WHERFORE, Plaintiff prays as follows:

1) For service of process of this Summons and Complaint be issued as provide by law;

2) For compensatory damages for past, present and future medical treatment and loss of earnings and income in an amount as may be determined by the enlightened conscience of the jury at time of trial;
3) For damages for conscious mental and physical pain and suffering in an amount as shall be shown by the evidence and determined by the enlightened conscience of a jury
4) For punitive damages as may be determined by the enlightened conscience of a jury in order to punish and deter Defendant from engaging in similar conduct in the future;
5) For a trial by jury;
6) For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 29 day of April, 2026.

YES LAW GROUP, LLC

YEHUDA SMOLAR
GA. BAR NO. 665150

1870 The Exchange, Ste. 235
Atlanta, Ga. 30339
(404) 525-3900
ysmolar@yeslawgroup.com

CROMWELL LAW, LLC

WILLIAM G. CROMWELL
GA. BAR NO. 197240

400 Galleria Parkway, Ste. 1920
Atlanta, Ga. 30339
(678) 384-5626
bcromwell@cartercromwell.com
Attorney for Plaintiffs